IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| MASSACHUSETTS MUTUAL LIFE INSURANCE COMPANY,<br><br>        Plaintiff-in-Interpleader,<br><br>    v.<br><br>JOSHUA ERTLE,<br><br>and<br><br>GEORGE HANSEN,<br><br>        Defendants-in-Interpleader. | Civil Action No. 1:25-cv-00351 |

**COMPLAINT FOR INTERPLEADER**

Plaintiff Massachusetts Mutual Life Insurance Company ("MassMutual"), by and through its undersigned attorneys, hereby files this Complaint for Interpleader against Defendants Joshua Ertle and George Hansen pursuant to 28 U.S.C. § 1335 and in doing so, respectfully states as follows:

**NATURE OF THE ACTION**

1. In this interpleader action, MassMutual seeks a determination from the Court regarding the proper beneficiary of the death benefit proceeds (the "Policy Proceeds") that are payable under insurance policies issued on the life of Alyssa Clark (the "Insured"). MassMutual has received competing claims to the Policy Proceeds from the Defendants such that it cannot pay any claimant without incurring the risk of multiple liability. MassMutual has determined that the death benefit is payable and holds the same as a disinterested stakeholder but, due to the conflicting claims described above, seeks to deposit the funds into the registry of the Court pending a

determination as to Defendants' entitlement to the proceeds to avoid the potential for double or multiple liability.

## PARTIES AND JURISDICTION

2.  Plaintiff, MassMutual, is a corporation organized and existing under the laws of the Commonwealth of Massachusetts, with its principal place of business in Springfield, Massachusetts.

3.  Upon information and belief, Defendant Ertle was the Insured's former partner and resides in Reston, Virginia.

4.  Upon information and belief, Defendant Hansen was the Insured's former partner and friend and resides in Marquette, Michigan.

5.  This Court has subject matter jurisdiction of this interpleader action, together with the claims, counterclaims, and defenses arising from the transactions and occurrences that are the subject matter of the interpleader action, pursuant to 28 U.S.C. § 1335, because two Defendants, as adverse claimants to the Policy Proceeds are of diverse citizenship, and the amount in dispute exceeds the sum of $500.

6.  This Court has personal jurisdiction over Defendants pursuant to 28 U.S.C. § 2361 because this is an interpleader action filed pursuant to 28 U.S.C. § 1335.

7.  Venue is appropriate in the United States District Court for the Eastern District of Virginia under 28 U.S.C. § 1397 because at least one claimant Defendant resides in the judicial district.

## FACTUAL BACKGROUND

8.  On or about February 11, 2020, MassMutual issued Whole Life Policy Number 22685539 and Term Life Policy Number 24591930 (the "Policies") insuring the life of the now

deceased with face amounts of $100,000 and $1,800,000, respectively. Defendant Ertle was the named beneficiary of both Policies at the time of their issuance. True and correct copies of the Whole and Term Life Policies are attached as Exhibit A and Exhibit B, respectively.

9. On or about September 27, 2024, the Insured submitted an online Change of Beneficiary removing Defendant Ertle and naming Defendant Hansen sole beneficiary of both Policies. A true and correct copy of the Change of Beneficiary is attached as Exhibit C.

10. There were no other requests for changes of ownership or beneficiary for either of the Policies.

11. On November 21, 2024, the Insured died, and the death benefits became payable.

12. On or about November 22, 2024, Defendant Ertle contacted MassMutual and sought to submit his claim to the Policy Proceeds.

13. On or about December 23, 2024, MassMutual received correspondence from Defendant Ertle's counsel. Defendant Ertle contends that the Insured lacked the requisite mental capacity to effectuate the Change of Beneficiary dated September 27, 2024, and/or, that the Insured changed the beneficiary designation under the undue influence of Defendant Hansen.

14. On or about January 24, 2025, Defendant Hansen asserted a claim to the Policy Proceeds.

15. As such, MassMutual has indisputably received competing claims to the Policy Proceeds. MassMutual advised the Defendants that it is ready and willing to meet its responsibilities under the Policies and requested that the Defendants attempt to reach an agreement as to how the Policy Proceeds should be distributed. A true and correct copy of MassMutual's Competing Claims letter to Defendants is attached as Exhibit D.

16. Despite MassMutual's request, and discussions between Defendants and MassMutual's counsel, the Defendants have not reached an agreement regarding the distribution of the Policy Proceeds.

17. MassMutual has no interest in the Policy Proceeds and seeks only to pay the Policy Proceeds to the rightful recipient.

18. Based on the foregoing, it has become necessary for MassMutual to file this interpleader action in this Court.

## CAUSE OF ACTION IN INTERPLEADER AGAINST ALL DEFENDANTS

19. Each of the Defendants may make a claim and assert their right to the Policy Proceeds.

20. Defendants' potential claims are adverse and conflicting, and MassMutual is unable to fully determine which party has legal rights to the Policy Proceeds.

21. MassMutual is therefore in the position of an innocent stakeholder faced with the possibility of multiple liabilities on a single obligation and incidental costs.

22. MassMutual has, at all times, been willing to perform all contractual obligations to the rightful beneficiary or beneficiaries of the Contracts.

23. MassMutual has filed this Complaint for Interpleader of its own free will to avoid multiple liabilities and unnecessary suits and costs, and unconditionally tenders the disputed contractual obligations coming due under the Policies into the Court's registry. MassMutual will abide by and perform on the Policies in accordance with the judgment of this Court.

24. MassMutual, as a disinterested stakeholder who has conceded liability, will deposit the disputed funds with the Court, is seeking discharge from liability, and may receive attorney's fees. *See Minnesota Life Ins. Co. v. Webb*, 2014 WL 1681688 (E.D. Va. Alexandria Div. Apr. 7,

2014), report and recommendation adopted, 2014 WL 1686812 (E.D. Va. Alexandria Div. Apr. 28, 2014) (quoting *Trs. of Plumbers and Pipefitters Nat.'l Pension Fund v. Sprague*, 251 Fed. Appx. 155, 156–57 (4th Cir. 2007) (an "interpleading plaintiff may be reimbursed for its costs at the district court's discretion" and "fee awards are generally drawn from the interpleaded fund itself, not from the losing party")).

## **RELIEF REQUESTED**

**WHEREFORE**, MassMutual respectfully requests that this Court enter an Order in favor of MassMutual and against the Defendants, as follows: (1) directing MassMutual to pay the Policy Proceeds into the registry of the Court; (2) directing the Defendants to assert their respective claims to the Policy Proceeds without further involvement of MassMutual; (3) declaring that MassMutual has no further liability with respect to the Policies and Policy Proceeds, and no further liability to any of the Defendants; (4) enjoining and restraining the Defendants from instituting any action or proceeding in any state or federal court against MassMutual related to the Policies or Policy Proceeds or seeking any contractual or extra-contractual damages from MassMutual related thereto; (5) dismissing and discharging MassMutual from this action with prejudice; and (6) awarding MassMutual its reasonable attorney's fees and costs incurred to be paid from the Policy Proceeds deposited in the registry of the Court.

- 6 -

Dated: February 21, 2025                              FAEGRE DRINKER BIDDLE & REATH LLP


                                                      */s/ Dawn B. Williams*
                                                      Dawn B. Williams (VA Bar # 71560)
                                                      dawn.williams@faegredrinker.com

                                                      1500 K Street, NW, Suite 1100
                                                      Washington, DC  20005
                                                      Telephone:   +1 202 230 5000
                                                      Facsimile:   +1 202  842 8465

                                                      *Attorneys for Plaintiff Massachusetts Mutual Life Insurance Company*