IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| MASSACHUSETTS MUTUAL LIFE INSURANCE COMPANY, )<br><br>*Plaintiff*, )<br>v. )<br> )<br>JOSHUA ERTLE, *et al.*, )<br> )<br>*Defendants*. ) | 1:25-cv-351 (PTG/WEF) |

### MEMORANDUM ORDER

This matter comes before the Court on Plaintiff Massachusetts Mutual Life Insurance Company's Motion for Interpleader, Deposit and Discharge. Dkt. 27. For the reasons stated below, the Court grants Plaintiff's Motion.

This case concerns competing claims to the proceeds of two life insurance policies for Alyssa Clerk ("the Insured") for $100,000 and $1,800,000. Dkt. 1 (Compl.) ¶ 8. Plaintiff issued the policies on February 11, 2020. *Id.* At the time of issuance, Defendant Joshua Ertle ("Mr. Ertle") was named the beneficiary of both policies. *Id.* Around September 27, 2024, the Insured removed Mr. Ertle as beneficiary and named Defendant George Hansen ("Mr. Hansen") as the sole beneficiary of the two policies. *Id.* ¶ 9. On November 21, 2024, upon the Insured's death, the death benefits of $1,900,000 in total became payable. *Id.* ¶ 11. On November 22, 2024, Mr. Ertle submitted a claim to the benefits and subsequently contended that "the Insured lacked the requisite mental capacity to effectuate the Change of Beneficiary dated September 27, 2024, and/or, that the Insured changed the beneficiary designation under the undue influence of Defendant Hansen." *Id.* ¶¶ 12-13. On January 24, 2025, Mr. Hansen filed a claim to the proceeds. *Id.* ¶ 14. Plaintiff subsequently requested that both Defendants attempt to reach an agreement on the distribution of proceeds to no avail. *Id.* ¶ 16.

On February 21, 2025, Plaintiff filed a Complaint in Interpleader in this Court, indicating that it "seeks only to pay the Policy Proceeds to the rightful recipient." *Id.* ¶ 17. Mr. Hansen filed an answer on

March 14, 2025. Dkt. 9. Mr. Ertle filed an answer on April 29, 2025, which included a counterclaim against Plaintiff and a crossclaim against Mr. Hansen. Dkt. 15. On July 3, 2025, Mr. Ertle voluntarily dismissed the counterclaim against Plaintiff. Dkt. 26. That same day, Plaintiff filed the instant motion. Dkt. 27. As of the date of this Memorandum Order, neither Defendant has filed an opposition to the motion.

Interpleader is appropriate where "one party, a 'stakeholder,' has money or other property that is claimed, or may be claimed, by two or more other parties, the 'claimants,' creating a risk of inconsistent claims to the property or judgments against the stakeholder that exceed the value of the property." *AmGuard Ins. Co. v. SG Patel & Sons II LLC*, 999 F.3d 238, 244 (4th Cir. 2021) (citing *Texas v. Florida*, 306 U.S. 398, 405-06 (1939)). An interpleader action permits the stakeholder to "join all claimants and efficiently resolve their claims to a corpus in 'a single forum and proceeding.'" *Id.* Under 28 U.S.C. § 1335, interpleader requires "(1) minimal diversity between two or more adverse claimants, (2) a value of $500 or more in controversy, and (3) a deposit in court by the plaintiff of the amount in dispute or a bond." *New York Life Ins. Co. v. Strickland*, No. 122-cv-673, 2023 WL 3550086, at *1 (E.D. Va. May 18, 2023) (citing 28 U.S.C. § 1335).

In the instant case, the Court finds that it has jurisdiction under 28 U.S.C. § 1335. The parties are minimally diverse under 28 U.S.C. § 1332 because Mr. Ertle resides in Virginia, Mr. Hansen resides in Michigan, and Plaintiff is organized under the laws of Massachusetts with a principal place of business in Massachusetts. Compl. ¶¶ 2-4; *see* 28 U.S.C. § 1332. The value of the policy proceeds, or the amount in controversy, exceeds $500. Compl. ¶ 8. Finally, Plaintiff has indicated its readiness to deposit the amount in dispute with the Court. Dkt. 28 at 4; *see Perlman v. Fid. Brokerage Servs. LLC*, 932 F. Supp. 2d 397, 415 (E.D.N.Y. 2013) (holding that an interpleader plaintiff's request to deposit the funds with the court satisfies § 1335).

Furthermore, the Court finds that no genuine dispute exists that Plaintiff fears multiple conflicting lawsuits. Plaintiff's motion is moreover unopposed. Dkt. 27 ¶ 6. Accordingly, "interpleader is appropriate because Plaintiff possesses the death benefit being claimed by Defendants and there is a risk of inconsistent claims to that benefit." *Strickland*, 2023 WL 3550086, at *2 (citing *AmGuard Ins. Co.*, 999 F.3d at 244).

2

Plaintiff seeks authorization to deposit the Policy Proceeds with this Court. Dkt. 28 at 5. Once Plaintiff deposits the property, "the court directs the claimants to interplead among themselves for their portion, and the stakeholder is discharged." *Id.* (quoting *AmGuard Ins. Co.*, 999 F.3d at 244).

Finally, Plaintiff moves to enjoin all Defendants "from instituting any action or proceeding against [Defendant] in relation to the Policies and Policy Proceeds." Dkt. 28 at 5. Under 28 U.S.C. § 2361,

> In any civil action of interpleader or in the nature of interpleader under section 1335 of this title, a district court may issue its process for all claimants and enter its order restraining them from instituting or prosecuting any proceeding in any State or United States court affecting the property, instrument or obligation involved in the interpleader action until further order of the court.

Therefore, the Court will enjoin Defendants from initiating any additional claims against Plaintiff with respect to the proceeds of the life insurance policy.

Accordingly, it is hereby

**ORDERED** that Plaintiff's Motion for Interpleader, Deposit and Discharge (Dkt. 27) is **GRANTED**; it is further

**ORDERED** that Plaintiff is directed to deposit the full amount in dispute in the Registry of the Court; it is further

**ORDERED** that Plaintiff is **DISMISSED** from this civil action; and it is further

**ORDERED** that Defendants are hereby enjoined from initiating or prosecuting any other proceeding against Plaintiff seeking payment of the death benefit at issue.

Entered this 16th day of July, 2025.
Alexandria, Virginia

/s/
Patricia Tolliver Giles
United States District Judge